TIME CREDITS — SPLIT SENTENCE — PERIOD OF CUSTODY No "time credits" whatsoever are to apply to the up to 90 days of custody ordered by a court when it gives a "split sentence" as authorized by 22 O.S. 991a [22-991a] (1970). Further, this period of up to 90 days is not to be deducted from the up to five years or probation authorized by the same section. The Attorney General has had under consideration your recent letter which reads in pertinent part as follows: "Senate Bill 262 from the last legislative session authorized the practice of split sentencing, e.g., up to 90 days service to be followed by up to 4 years, 9 months probation. For first termers with a clear record the practice has been to award jailtime after conviction but prior to delivery as a deduction from the end of time to be served. We request your opinion on whether persons sentenced under the act mentioned are eligible for jailtime and what, if any, other time credits apply in their cases." Your specific inquiry was answered at least in part in our prior opinion No. 70-256, addressed to the Hon. Wallace W. Gates, District Attorney, a copy of which is enclosed. In said opinion we construed 22 O.S. 991a [22-991a](1) (1970) (Amended by S.B. 262), vis-a-vis 22 O.S. 982 [22-982] (1970), and concluded that: "Section 991a(1), supra, however, relates only to suspended sentences. The reference to commitment for not to exceed 90 days relates only to custody and does not affect the sentence itself." We further concluded that: ". . . The number of days not exceeding 90 which the court does order the defendant to serve in actual custody will not be diminished by "time reduction" such as previous jail time served by the defendant or by other means as provided in 57 O.S. 138 [57-138] (1970)." We hereby reaffirm the reasoning and conclusions of Opinion No. 70-256, and state that it is the opinion of the Attorney General that no "time credits" whatsoever are to apply to the up to 90 days of custody ordered by a court when it gives a "split sentence" as authorized by 22 O.S. 991a [22-991a] (1970). We further note that you apparently have misinterpreted some of the language of said Section 991a and believe that the up to 90 days of actual custody should be deducted from the up to five years of probation authorized by said section. We note that said section states in pertinent part: "Probation, as used in this section, is a procedure under which a defendant, found guilty of a crime, is released by the court subject to conditions imposed by the court and subject to the supervision of the Division of Probation and Parole of the Department of Corrections. Such supervision shall be initiated upon an order of probation from the court, and such supervision shall not exceed five (5) years." We think it is clear from the foregoing that the supervision by the court and by the Division of Probation and Parole, may be for up to five years, and that this is in addition to the up to 90 days that the defendant will spend in actual custody in an institution and supervised by the Division of Institutions of the Department of Corrections. (HUGH H. COLLUM)